UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MANIDRELL SMITH                              CIVIL ACTION NO. 6:13-cv-0619
    #20120495
VS.                                          SECTION P

                                             JUDGE RICHARD T. HAIK, SR.

STAFF ST. MARY PARISH LAW                    MAGISTRATE JUDGE HILL
ENFORCEMENT CENTER, ET AL.


MEMORANDUM ORDER

Before the Court is a civil rights action filed by *pro se* plaintiff, Manidrell Smith.

In his original Complaint, plaintiff names the St. Mary Parish Law Enforcement Center,

the "Hellinger Nation" and the "Hellinger Mafia." [rec. doc. 1].  In his standardized

Complaint, he named these same defendants. [rec. doc. 7].  In both pleadings, plaintiff

purports to file his claims on behalf of himself and his family members. [*Id*].  The

gravamen of plaintiff's allegations is that he believes that the defendants are "altering" his

mind while plaintiff is sleeping, "switching energies" while plaintiff is writing letters,

electrocuting and "micro-waving" plaintiff's head and stealing plaintiff's identification by

putting persons into his body and system.

Plaintiff has been granted permission to proceed in *forma pauperis* pursuant to 28

U.S.C. § 1915(b). [rec. doc. 10].   In accordance with that provision, this Court is required

to evaluate this civil rights action pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a) and

to dismiss those claims which are frivolous, claims upon which no relief may be granted

and claims seeking monetary relief against a defendant who is immune from suit.  28

U.S.C. § 1915(e)(2)(B) and § 1915A(b).

This Court's record reveals that plaintiff has already filed an original and

standardized Complaint in this action. [*See* rec. docs. 1 and 7].  Since, being granted in

*forma pauperis* status, plaintiff has filed thirty-seven additional handwritten rambling

"Amended Complaints", weekly and occasionally bi-weekly and tri-weekly, in which

plaintiff attempts to add additional claims and defendants in this litigation[1], as well as

several pleadings containing exhibits in support of his claims.[2]  None of these pleadings

are accompanied by a Motion for Leave of Court to file the pleadings.

Rule 15 of the Federal Rules of Civil Procedure provides that a party may "once as

a matter of course" amend his pleadings within 21 days of service, and that in all other

cases, may amend his pleading "only with . . . the court's leave."   Rule 15(a), FRCP.

While leave should freely be given "when justice so requires", justice does not require

thirty-seven amendments in this case.

Although this lawsuit was filed only two months ago, on March 14, 2013, this

Court's in *forma pauperis* review process has not yet been completed, in large part, due to

plaintiff's continued filing of unauthorized amendments to his pleadings.  Indeed, what

began as an action against the three named defendants, has now "blossomed" into an

---

[1]*See*  rec. docs. 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49 and 50.

[2] *See*  rec. docs. 15, 36 and 48.

action against nearly every person employed at, or having any connection with, the St. Mary Parish Law Enforcement Center. At present, there is no need for plaintiff to file amended pleadings. When the Court initially reviews petitioner's original and standardized Complaints, in the event that an amendment is necessary, the Court will Order plaintiff to file an amended pleading. In so doing, the Court will instruct plaintiff on the applicable standards governing his claims, noting the deficiencies of his allegations, if any.

There is an additional reason for this Court's refusing to allow plaintiff to file his amendments in this action. Because plaintiff is not a lawyer, he cannot file pleadings on behalf of others, or in a representative capacity. *See* Title 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel"), *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021-22 (5th Cir. 1998) (The statute does not permit representation by non-lawyers or unlicensed laymen), *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979), *Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) (finding no right for a nonlawyer inmate to represent his illiterate father in a civil action), *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (this rule nevertheless applies even if the prospective litigant executes a contract purporting to allow a laymen to represent her legal interests), *United States v. Wilhelm*, 570 F.2d 461(3rd Cir. 1978) (same), *Lutz v. Lavelle,* 809 F.Supp. 323, 325 (M.D. Pa. 1991) (same), Rule 83.2.5 of the Local Rules of the United States District Court for the Western District of Louisiana ("[i]n all cases

3

before this court, any party who does not appear in proper person must be represented by a member of the bar of this court . . . ."), and Rule 83.2.1 (The bar of this "court consists of those lawyers admitted to practice before the court who have taken the prescribed oath and signed the roll of attorneys for the district."). Yet, plaintiff seeks to bypass these rules by attempting to file his Complaints on behalf of others. Indeed, plaintiff has even attempted to assert a claim for loss of consortium on behalf of his family members. [*See* rec. doc. 20].

Finally, it has become apparent to this Court that plaintiff is abusing his privilege to contest the conditions of his confinement by engaging in what appears to be "recreational litigation." He has filed, and continues to submit for filing, numerous amendments to his pleadings and exhibits which allegedly support those amendments, thereby monopolizing this Court's scarce judicial resources. This is exactly the kind of abuse that Congress has sought to deter. *See  Carson v. Johnson*, 115 F.3d 818, 822 (5th Cir. 1997) *citing Gabel v. Lynaugh*, 835 F.2d 124, 125 n. 1 (5th Cir. 1988) (per curiam) ("*pro se* civil rights litigation has become a recreational activity for state prisoners") and the PLRA. Accordingly the following orders are entered;

The thirty-seven Amended Complaints filed by plaintiff in this action are **stricken**.[3] The exhibits submitted by petitioner in support of these claims are **stricken**.[4]

---

[3]rec. docs. 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49 and 50.

[4]rec. docs. 15, 36 and 48.

Further, until this Court is able to complete its statutorily required review of plaintiff's

claims set forth in his Original and standardized Complaints, **the Clerk** is hereby

instructed **<u>not</u>** to accept any further filings from the plaintiff in this action which have not

been specifically requested by this Court.

       In Chambers, Lafayette, Louisiana May 22, 2013.

 

                                                       _C. Michael Hill_

                                              C. MICHAEL HILL
                                              UNITED STATES MAGISTRATE JUDGE